UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14015-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

KAREN DAYANA BERMUDEZ-TORRES,

           Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("the United State") and Karen Dayan Bermudez-Torres (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment which charges the defendant with conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Counts 4, 5, and 7 of the Indictment, which counts charge the defendant with distribution of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

2. The United States agrees to seek dismissal of counts 2 and 6 of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed. The defendant is also aware that the guidelines do not provide for parole.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years as to Counts 1, 4, 5, and 7, followed by a term of supervised release of three (3) years up to life. These sentences of imprisonment may be run consecutively, for a total sentence of eighty (80) years imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000.00 and may order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant for each count for a total special assessment of $ 400.00. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

2

If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the United States and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the United States will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

8. The United States, however, will not be required to make this these recommendations if the defendant:

> (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

(2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or

(3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant agrees that she shall cooperate fully with the United States by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the United States. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

10. The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines, the United States may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires the United States to file any such motions, and that the United States' assessment of the quality

and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the United States' filing or non-filing of a motion to reduce sentence.

11.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the United States. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12.     The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of her right to appeal her sentence.

13.     The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the defendant is pleading guilty is/are unconstitutional; and/or 2 the admitted conduct does not fall within the scope of the statutes of conviction.

14. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of her right to appeal the sentence imposed in this case and her right to appeal her conviction in the manner described above was knowing and voluntary.

15. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the Court. The defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by the defendant and the United States.

16. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 841, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853.

17. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and

6

voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

18. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

19. The defendant acknowledges that she has fully discussed the matters of this plea agreement and her guilty plea pursuant thereto with her attorney, and that her attorney has answered each of her questions about the strength of the government's case as well as the following rights: to go to trial, to cross-examine the government's witnesses, to testify in her own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that she is fully satisfied with the representations provided by her attorney.

(INTENTIONALLY LEFT BLANK)

20. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 7-11-23        By: _____
                          DIANA M. ACOSTA
                          ASSISTANT UNITED STATES ATTORNEY

Date: 7/26/23        By: _____
                          RICHARD MERLINO
                          ATTORNEY FOR DEFENDANT

Date: 7/26/23        By: _____
                          KAREN DAYANA BERMUDEZ-TORRES
                          DEFENDANT

8